PER CURIAM.
The plaintiff, Harvey Fuselier, a taxpayer, elector, citizen and resident of the State of Louisiana, filed this class action[1] to enjoin the State Market Commission from making and Crowley Grain Drier, Inc., from receiving a loan of $40,000. Plaintiff contends that Act 172 of 1969, the statute which authorizes the issuance of certain bonds and use of the proceeds for the loan, is unconstitutional. The district judge sustained defendants’ exception of no cause of action and dismissed plaintiff’s suit. Plaintiff appealed.
Ultimately, we reach the conclusion that since the grounds alleged to enjoin the loan are that the issuance of the bonds is unconstitutional, the State Bond and Building Commission, which is the agency actually authorized to issue the bonds, is an indispensable party to this action.
Act 172 of 1969, the statute whose constitutionality is attacked, provides in pertinent part as follows:
“Section 1. The borrowing of money or funds and the issuing and sale of bonds or other obligations by the State Bond and Building Commission, a body politic and corporate, in an amount not to exceed Two Million Dollars ($2,000,000.00) which fund or any part thereof shall from time to time be made available to the State Market Commission to be used by said Commission as provided by Title 3, Section 410, Chapter 5, of the 1950 Revised Statutes of the State of Louisiana (Act 113 of the Regular Session of the Legislature of 1944), and as authorized by Article IV, Section 12-b of the Constitution and as more particularly hereinafter set forth, is hereby authorized.
“The State Bond and Building Commission shall, have and is hereby granted authority and power to fund into bonds of the State Bond and Building Commission the Fifty-three hundredths (0.53) mill tax, levied upon all taxable property within the State of Louisiana by Act 109 of 1921 as amended (R.S. 47:1704).
“The said bonds or other obligations herein authorized to be issued and sold shall be negotiable instruments, and shall be general obligations of the state of Louisiana, for the payment of which the full faith and credit of the state is hereby pledged.

“All of the proceeds derived from the sale of the bonds or other obligations herein authorized, shall be deposited in a special fund in the State Treasury by the State Bond and Building Commission and the State Treasurer shall from time to time make available to the State Market Commission such sums as may be required to carry out the purposes set forth by Title 3, Section 410, Chapter 5 of the Louisiana Revised Statutes of 1950 (Act 113 of the Regular Session of 1944), as authorized by Article IV, Section 12-b of the Constitution for the projects hereinafter enumerated and in the order of priority hereinafter set forth:
“1. Feed Pelletizing Mill, Mer Rouge, La.$187,500.00
“2. Rice Drier, Crowley, La. 40,000.00’’ (Then follows the remainder of the list of 20 authorized projects throughout the state.)
In a stipulation of facts by all parties it is conceded: That Crowley Grain Drier, *654 Inc., applied to the State Market Commission for the loan of $40,000 designated for Crowley, Louisiana and intends to use the funds for the construction of rice storage bins. The loan was approved by the Commission but has not been made because funds are not available. However, upon the sale of the bonds by the State Bond and Building Commission and the delivery of the funds to the State Market Commission it will make the loan to Crowley Grain Drier, Inc.
Article 7 of plaintiff’s petition sets forth the grounds for the injunction sought and reads as follows:
“The loan proposed to be made by the Commission to Crowley Grain Drier, Inc., as above shown, represents an illegal and unconstitutional action on the part of the Commission, and the Commission and the members thereof should be enjoined and restrained from proceeding to utilize the proceeds of said bond issue for said purpose; and Crowley Grain Drier, Inc. should be enjoined and restrained from consummating the loan with the State Market Commission for the following reasons, to-wit:
“a) Act 172 of 1969 is unconstitutional and violative of Article 4, Section 12(b) of the Louisiana Constitution of 1921, in that said constitutional provision authorizes the Legislature to make appropriations for the purposes of said subpara-graph, and does not authorize the issuance of bonds for such purposes.
“b) Act 172 of 1969 is unconstitutional in that the purposes to which bond proceeds may be applied under said Act are not restricted to the purposes authorized by Article 4, Section 12(b) of the Constitution.
“c) Act 172 of 1969 is unconstitutional in that it is violative of Article 4, Section 2 of the Constitution, as said Section authorizes the issuance of bonds only for the purpose of making capital improvements, and not for loans to third parties for the purpose of making capital improvements.
“d) The utilization of the bond proceeds for the purposes shown is violative of Article 4, Section 12 of the Louisiana Constitution of 1921, which prohibits the loan, .pledge or grant of funds, credit, property or things of value of the State to or for any person or persons, associations or corporations, public or private.”
The prayer of plaintiff’s petition reads as follows:
“1) The defendants be ordered to show cause on a date and at an hour to be fixed by this Court, why a preliminary injunction should not be issued herein, according to law, directed to the defendants, restraining, enjoining, and prohibiting the State Market Commission; John Henry, Melrose, Louisiana, as Chairman of the Commission; O. P. Beridon, Hamburg, Louisiana, as Secretary of the Commission; Dave Pearce, as Commissioner of Agriculture and Immigration and ex-officio member of the Commission, their agents, employees, and all other persons, firms or corporations, acting or claiming to act in their behalf, from utilizing the proceeds of bonds to be issued under the provisions of Act 172 of 1969, for the purpose of making a loan to Crowley Grain Drier, Inc., and further enjoining and restraining Crowley Grain Drier, Inc., its agents, employees and all other persons, firms or corporations, acting or claiming to act in its behalf, from consummating a loan with the State Market Commission; that, on the hearing of this rule, proof may be adduced by verified pleadings, by supporting affidavits or by proof as in ordinary cases, or by any or all of such methods, at the election of the party offering the proof.
“2) The defendants be duly cited to appear and answer this petition, and after due proceedings had, there be judgment rendered herein in favor of *655 plaintiff, and against the defendants, perpetuating the preliminary injunction, and further decreeing that Act 172 of 1969 is unconstitutional.”
From a reading of the above quoted portions of plaintiff’s petition and prayer, we see that the grounds for the injunctive relief sought is that the issuance of the bonds is unconstitutional. But the State Bond and Building Commission, the agency which is actually authorized by Act 172 of 1969 to issue the bonds, has not been made a party to these proceedings. We think it is an indispensable party to this action.
LSA-C.C.P. Article 641 provides:
“Art. 641. Compulsory joinder; indispensable parties
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.”
If the judgment in the present case enjoins the making and receiving of the loan on the grounds that the issuance of the bonds is unconstitutional, it would necessarily constitute an adjudication that the State Bond and Building Commission cannot issue the bonds. Hence, the interests of the State Bond and Building Commission are so directly affected by the subject matter of this suit that a complete and equitable adjudication of the controversy cannot be made unless it is joined in the action. This deficiency may be noticed by the Appellate Court on its own motion, LSA-C.C.P. Article 645.
Under the discretion permitted us by LSA-C.C.P. Article 646, we will remand this case to the district court to permit the plaintiff to amend his petition SO' as to make the State Bond and Building Commission a party defendant, after which the case is to be reopened for further evidence and other proceedings in accordance with law.
For the reasons assigned, the judgment appealed is set aside. This case is now remanded to the district court to permit the plaintiff to amend his petition so as to make the State Bond and Building Commission a party defendant. In the event of plaintiff’s failure to so amend his petition within a period of 30 days after this judgment becomes final, his demands are rejected and this suit is dismissed. If the State Bond and Building Commission is made a party, the case is reopened for further evidence and other proceedings according to law. All costs of this appeal are assessed against the plaintiff appellant. Costs in the district court will wait a final determination of this case.
Remanded for further proceedings.

. See LSA-C.C.P. Articles 591-597.